**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Yolanda B.A.,                                          Civil No. 26-1884 (DWF/DTS)

                    Petitioner,

v.

                                                      **MEMORANDUM**
                                                      **OPINION AND ORDER**

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; David Easterwood,
*Acting Director, St. Paul Field Office
Immigration and Customs Enforcement*;
and Warden, *ERO El Paso Camp East
Montana, El Paso, Texas*,

                    Respondents.


**INTRODUCTION**

This matter is before the Court on Petitioner Yolanda B.A.'s petition for a writ of

habeas corpus (the "Petition").  (Doc. No. 1.)  Respondents filed a response asserting

authority to detain Petitioner under 8 U.S.C. § 1225(b)(2) and seeking dismissal for lack

of jurisdiction.  (Doc. No. 4.)  For the reasons set forth below, the Court denies the

motion to dismiss, grants the Petition, and orders Respondents to release Petitioner

immediately.

## BACKGROUND

Petitioner is a citizen of Mexico and resident of Albert Lea, Minnesota.  (Doc. No. 1 ¶¶ 9, 15.)  Petitioner has lived in the United States since May 2022.  (*Id.* ¶ 15.) Petitioner does not have a final order of removal.  (*Id.* ¶ 16.)

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in Minnesota on February 5, 2026.  (*Id.* ¶ 17.)  Petitioner had just dropped off her one-year-old child at daycare when ICE agents stopped her car.  (*Id.*)  The agents then arrested her without a warrant.  (*Id.*)  Petitioner was briefly detained in Minnesota.  (*See* Doc. No. 4 at 5.)  She was then brought to the ERO El Paso Camp East Montana in Texas.  (Doc. No. 1 ¶ 21.)  Respondents report that Petitioner is now being returned to Minnesota. (Doc. No. 4 at 2.)  Currently, the ICE detainee locator lists only "Call ICE For Details." *Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited Mar. 23, 2026).

Petitioner filed the Petition on March 16, 2026.  (Doc. No. 1 at 16.)  Petitioner asserts that her detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act.  (*Id.* ¶¶ 32-48.)  Petitioner requests, among other things, immediate release from detention.  (*Id.* at 15.)  Also on March 16, 2026, the Court ordered Respondents to answer the Petition on or before March 19, 2026 at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order, or if Petitioner was already moved from Minnesota, that she be immediately returned to the state.  (Doc. No. 3.)  Respondents filed a motion to dismiss arguing that

2

Petitioner should be required to file a new petition in the District of Minnesota.  (Doc. No. 4 at 2.)

## DISCUSSION

### I.      Motion to Dismiss

As a threshold matter, Respondents challenge the Court's jurisdiction over this case.  (Doc. No. 4.)  Generally, jurisdiction over a habeas petition lies only in the district of confinement.  *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  However, "[w]hen . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules."  *Id.* at 450 n.18.  Petitioner acknowledges that she was detained in Texas at the time the Petition was filed.  (Doc. No. 1 ¶ 9.)  However, Respondents say they are returning Petitioner to Minnesota, and her current location is unknown to the Court.  Because Petitioner's current location is unknown and because the Court anticipates that the district of confinement will soon be Minnesota, the Court has jurisdiction.

Further, Respondents submitted alternative arguments on the basis of Petitioner's detention.  There is no reason to delay determination of the Petition.  *See Edita M.S.C. v. Noem*, No. 26-cv-650, 2026 WL 252545, at *1 (D. Minn. Jan. 30, 2026) (denying a motion to dismiss for lack of jurisdiction because the petitioner was transferred back to Minnesota and requiring the petitioner to refile her petition would have been a waste of judicial resources).  The motion to dismiss is denied.

## II.    Merits of the Petition

Turning to the merits, a district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and point the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248.  (Doc. No. 5 at 5-6.)  As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute.  *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[]" in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings.  *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because she has been in the United States for nearly four years.  *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting

that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Respondents' motion to dismiss (Doc. No. [4]) is **DENIED**.

2. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

3.      The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

4.      Respondents are **ORDERED** to release Petitioner from custody immediately.

5.      Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

6.      Respondents are directed to release Petitioner:

   a.      In Minnesota;

   b.      With all personal documents and belongings, such as her driver's license, passport, other immigration documents, and cell phone;

   c.      Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program;

   d.      Without any tracking devices or use of a tracking application; and

   e.      With all clothing and outerwear she was wearing at the time of detention, or other proper attire.

7.      Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.  Petitioner's counsel is Samuel Verner who can be reached at 612-500-4325.

6

8.      Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 23, 2026                              s/Donovan W. Frank
                                                                DONOVAN W. FRANK
                                                                United States District Judge